UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

CV205-155

| | |
|---|---|
| Gerold Lee Davis, # 89907-071, | ) C/A No. 0:05-1665-GRA-BM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| United States of America, | ) |
| Respondent. | ) |

## *Background of this Case*

The petitioner is a federal prisoner at the federal prison camp at FCI-Jesup in Jesup, Georgia. He has submitted a pleading styled as a **"MOTION TO ORDER THE B.O.P TO RECALCULATED [sic] FEDERAL PRISONER'S GOOD CONDUCT TIME ON THE BASIS OF THE TIME IMPOSED RATHER THAN THE TIME ACTUALLY SERVED"** to the court.[1] In the pleading, the petitioner contends that the Federal Bureau of Prisons is improperly calculating his good time credits.



---

[1] In a separately filed order, the undersigned has directed the Office of the Clerk of Court to docket the pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

The petitioner is under a so-called Graham v. Riddle order. Graham v. Riddle, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).² The pleadings in the above-captioned case were received by the Clerk's Office in Greenville on June 2, 2005. Since the petitioner is under a Graham v. Riddle order, the Clerk's Office in Greenville obtained authorization from Judge Ross Anderson's chambers to assign a civil action number to the matter.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App.

---

²The Graham v. Riddle order was imposed pursuant to Order of the Honorable G. Ross Anderson, Jr., United States District Judge, in Gerold Lee Davis v. United States, Civil Action No. 8:01-3145-13 (a successive § 2255 action), on November 15, 2001. No appeal was filed in Civil Action No. 8:01-3145-13 from Judge Anderson's Order of November 15, 2001.



LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).³ Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).

The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal district court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, it is apparent that this petition has been filed in the wrong court. The requirement of liberal construction does not mean that the court can

---

³Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



3

ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in this federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990). Here, as the petition raises claims under 28 U.S.C. § 2241, it should be transferred to the district where the petitioner is confined.

Petitioner contends that the Federal Bureau of Prisons is improperly calculating his good time credits on his sentence imposed in Criminal No. 8:93-429-1 (DSC). The Federal Bureau of Prisons' calculation of good time credits is clearly a Section 2241 claim because it concerns matters that took place after imposition of the judgment and commitment in Criminal No. 8:93-0429-1 (the petitioner's prior criminal case). Moreover, matters pertaining to good time credits are to be pursued as Section 2241 claims. McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-505, 1993 U.S.App. LEXIS® 29079 (6th Cir. 1993). A § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. See Rumsfeld v. Padilla, 72 U.S.L.W. 4584, 159 L.Ed.2d 513, 124 S.Ct. 2711, 2004 U.S. LEXIS® 4759 (2004); al-Marri v. Rumsfeld, 360 F.3d 707, 2004 U.S.App. LEXIS® 4445 (7th Cir.), *cert.*



*denied*, 73 U.S.L.W. 3205, 160 L.Ed.2d 11, 125 S.Ct. 34, 2004 U.S. LEXIS® 5524 (2004); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-500 (1973); Rheuark v. Wade, 608 F.2d 304, 305 (8th Cir. 1979); and Cox v. Federal Bureau of Prisons, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981). Here, the petitioner is confined at the federal prison camp of FCI-Jesup, which is located in the Southern District of Georgia.

Under the holding in Norris v. State of Georgia, 357 F.Supp. 1200 (W.D.N.C. 1973), the Warden of FCI-Jesup cannot be reached by service of process issued by the United States District Court for the District of South Carolina. Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). Moreover, the Warden of FCI-Jesup cannot be served by mail from the District of South Carolina. Norris v. State of Georgia, supra, 522 F.2d at 1009 n. 2.

Moreover, if this case were transferred to the United States District Court for the Southern District of Georgia, the petitioner would have the benefit of the "delivery" date on which he mailed the pleadings in the above-captioned case to the Clerk Office of the United States District Court for the District of South Carolina: June 1, 2005. Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988).



### *Recommendation*

Accordingly, it is recommended that the § 2241 petition be transferred to the United States District Court for the Southern District of Georgia. Rumsfeld v. Padilla, supra. *See also* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970). *Cf.* Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

Columbia, South Carolina
June 20, 2005

Bristow Marchant
United States Magistrate Judge

6

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The **Serious Consequences** of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
